IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| vs. : | 1:20-cr-196-AJT |
| : | |
| MOISES ZELAYA-VELIZ, : | |
| : | |
| Defendant. : | |
| : | |

**DEFENDANT MOISES ZELAYA VELIZ'S
POSITION ON CONTINUANCE OF TRIAL**

Defendant Moises Zelaya-Veliz respectfully provides his position on continuing the trial in this matter. He agrees that the matter should be continued and adopts the reasons cited by co-defendant Luis Alberto Gonzales' Second Motion to Continue Trial (Dkt. No. 173) and the positions filed by other co-defendants (Dkt. No. 184, 191, 192) and the United States (Dkt. No. 193).

In further support of this position, Defense counsel has also had impaired contact with the Defendant due to COVID-19 restrictions and distance to the Northern Neck Regional Jail (NNRJ). NNRJ permits video calls, but they are of limited quality, limited in duration, and a poor vehicle to review discovery, which is subject to a protective order and cannot be left with the client.[1] While the NNRJ is now permitting contact visits by appointment, there is voluminous evidence in this case and counsel believes additional time is necessary to ensure that the Defendant can amply review it, participate in his own defense, and counsel can provide

---

[1] Even if the materials could be left with the client, counsel is concerned that the Defendant would need assistance in reviewing and understanding them due to language issues.

1

meaningful communication regarding the course of the representation. Effective communication between counsel and client is essential to the ethical,[2] professional[3] and constitutional[4] obligations of defense counsel.

---

[2] Virginia Bar Association Rules of Professional Responsibility, Terminology ("'Consult' or 'consultation' denotes communication of information reasonably sufficient to permit the client to appreciate the significance of the matter in question."), available at vsb.org/pro-guidelines/index.php/main/print_view; *id*., Rule 1.2(a) (lawyer shall consult with client as to means by which their objections will be pursued); *id*., Rule 1.2(b) (objectives of representation may be limited by the lawyer only after consultation and consent of client); *id*., Rule 1.4(a) (duty to keep client reasonably informed and to promptly comply with reasonable requests for information); *id*., Rule 1.4(b) (duty to explain matter to client "to the extent reasonably necessary to permit the client to make informed decisions regarding the representation"); *id*., Rule 1.4(c) (duty to inform client of "facts pertinent to the matter and of communications from another party that may significantly affect settlement or resolution of the matter").

[3] American Bar Association, CRIMINAL JUSTICE STANDARDS FOR THE DEFENSE FUNCTION (4th ed. 2017), Standard 4-5.2(b) (listing 8 decisions within the autonomous discretion of the client, but only "after full consultation with defense counsel"); *id.* Standard 4-5.1(a) (duty to advise client); *id.* Standard 4-5.1(b) (duty to keep client informed "reasonably and regularly", advise client of possible strategies and outcomes, and "advise the client of what more needs to be done or considered before final decisions are made"); *id.* Standard 4-5.1(c) (advice about plea offers, developments, motions, and court actions); id. Standard 4-5.1(d) (counsel may advise about moral, economic, social or political factors); *id.* 4-5.1(e) ("Defense counsel should provide the client with advice sufficiently in advance of decisions to allow the client to consider available options, and avoid unnecessarily rushing the accused into decisions."); *id*. Standard 4-5.1(i) ("After advising the client, defense counsel should aid the client in deciding on the best course of action and how best to pursue and implement that course of action."); *id.* Standard 4-5.2(d) ("Strategic and tactical decisions should be made by defense counsel, after consultation with the client where feasible and appropriate."); Commonwealth of Virginia Standards of Practice for Indigent Defense Counsel in Non-Capital Criminal Cases, Standard 1.0(B) ("As a general matter, the client, after consultation with the lawyer, holds the ultimate decision making authority over lawful objectives of the representation."), available at http://www.vadefenders.org/wp-content/uploads/2018/04/SOP-4-10-18.pdf; *id.*, Comment ("If the lawyer has reason to believe the client may disapprove of a particular course of action, the lawyer should consult with the client. The lawyer should give genuine consideration to the client's request[.]"); *id.* ("The lawyer should keep the client reasonably informed about the status of work performed on behalf of the client including the means the lawyer has selected to accomplish the client's objectives."); *id*., Standard 7.1 (counsel shall "discuss the relevant strategic considerations of [the jury waiver] decision with the client"); *id.* Standard 6.2 & 6.3 (consultation with client regarding negotiation and plea).

[4] *See, e.g., Lee v. United States*, 137 S.Ct. 1958 (2017) (right to effective assistance of counsel with regard to advice on entering a plea); *Florida v. Nixon*, 543 U.S. 175, 187 ("Concerning those decisions [that a client must make], an attorney must both consult with the defendant and obtain consent to the recommended course of action."). *See also McCoy v. Louisiana*, 138 S. Ct. 1500 (2018) (accused client is "master of his defense" and counsel has an obligation to consult with him).

Based on the foregoing, counsel is concerned that the Defendant's Sixth Amendment right to the effective assistance of counsel has been impaired and therefore a continuance is appropriate.

Respectfully submitted,

\_\_\_\_\_/s/_____
Joseph King
VSB # 65632
King, Campbell, Poretz & Mitchell PLLC
118 N. Alfred Street
Alexandria, Virginia 22314
(703) 683-7070
Fax: (703) 652-6010
jking@kingcampbell.com

## CERTIFICATE OF SERVICE

     I hereby certify that a copy of the foregoing was filed via ECF and thereby forwarded to all counsel of record on this 1st day of November 2021.

                                              /s/_____
                                 Joseph King
                                 VSB# 65632
                                 King, Campbell, Poretz & Mitchell PLLC
                                 118 N. Alfred Street
                                 Alexandria, Virginia 22314
                                 (703) 683-7070
                                 Fax: (703) 652-6010
                                 jking@kingcampbell.com